UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **LEANDER CALHOUN** | **CIVIL ACTION NO. 07-1000** |
| **VS.** | **SECTION P** |
| **GARY COPES, WARDEN, ET AL.** | **JUDGE MELANÇON** |
| | **MAGISTRATE JUDGE METHVIN** |

*REPORT AND RECOMMENDATION*

Before the court is a petition for writ of habeas corpus[1] filed on May 2, 2007[2] by *pro se* petitioner Leander Calhoun.  Petitioner is an inmate in the custody of Alabama's Department of Corrections (ADOC), however, he is presently incarcerated at the South Louisiana Correctional Center (SLCC), Basile, Louisiana.[3] Petitioner claims that his continued incarceration is in violation of the Eighth Amendment and the laws of Alabama and Louisiana.

This matter has been referred to the undersigned in accordance with 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE.**

---

[1] Petitioner invokes the habeas jurisdiction of the court pursuant to 28 U.S.C. § 1651(A) ("The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."), § 2241 ("Writs of habeas corpus may be granted by ... the district courts..."), and  § 2242 ("Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended...")

[2] Petitioner filed his petition in the United States District Court for the Middle District of Alabama on May 2, 2007. On May 14, 2007, Magistrate Judge Susan Russ Walker transferred the matter to this court since it appears that petitioner is in custody at a corrections facility located within the geographical jurisdiction of this court. [doc. 3]

[3] Petitioner is one of a number of ADOC inmates transferred to SLCC for imprisonment under an agreement between ADOC and Louisiana Corrections Services (LCS), a private corporation which operates the SLCC and other prisons in Louisiana. See Roy Dickey, et al. v. Warden Bullard, et al., No. 6:07-cv-0632; Larry Patterson v. LCS, Inc., et al., No. 6:06-cv-2348; Clinton R. Mathis v. Bob Riley, et al., No. 6:06-cv-0803; Henry Byrd, et al. v. LCS Corrections Services, Inc., et al, No. 6:06-cv-0538

2

*Statement of the Case*

On April 30, 1998 petitioner was sentenced to serve 20-years following his conviction on unspecified felony charges in Alabama. On February 16, 2006 he was transferred from an ADOC facility to SLCC. According to petitioner, since he did not sign a waiver of extradition and since there was no detainer pending against him in Louisiana, ADOC's surrender of him to Louisiana was the equivalent of a "pardon" and his continued custody beyond February 16, 2006 is violative of the United States Constitution since his sentence has expired.

Petitioner also argues that his transfer to SLCC amounted to an exile from Alabama in violation of Article 1, Section 30 of the Alabama Constitution. He claims that upon being "banished" from Alabama, his Alabama sentence became illegal. He also argues that since under Alabama law he cannot serve his Alabama sentence in Louisiana, the sentence has become illegal. He also argues that since he cannot be credited for time served in a prison outside of Alabama, his sentence is illegal. He claims that his transfer to SLCC resulted in a waiver of jurisdiction over him by the State of Alabama.

*Law and Analysis*

Petitioner contends that his continued custody in Louisiana violates the Eighth [doc. 1-1, p. 2] and Fourteenth Amendments [doc. 1-1, p. 5]. He implies that his transfer from an Alabama prison to a private prison in Louisiana violated substantive liberty interests protected by the Due Process Clause of the Fourteenth Amendment.[4]

---

[4] It is unclear how the petitioner's transfer to Louisiana amounted to a violation of the Eighth Amendment. The Eighth Amendment prohibits cruel and unusual punishment. Petitioner has alleged no facts which suggest that his continued custody in Louisiana is in violation of this prohibition.

3

The United States Supreme Court rejected a similar argument in *Olim v. Wakinekona*, 461 U.S. 238, 103 S.Ct. 1741, 1745-1746, 75 L.Ed.2d 813 (1983). There, the Court upheld the constitutionality of a state prisoner's transfer from Hawaii to California and noted, "Just as an inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State, he has no justifiable expectation that he will be incarcerated in any particular State. Often, confinement in the inmate's home State will not be possible. A person convicted of a federal crime in a State without a federal correctional facility usually will serve his sentence in another State. Overcrowding and the need to separate particular prisoners may necessitate interstate transfers." *Olim v. Wakinekona*, 461 U.S. at 245-246, 103 S.Ct. at 1745-1746.

Nor does petitioner's transfer from a state prison to a private prison alter the analysis. Compare *Montez v. McKinna*, 208 F.3d 862 (10th Cir. 2000). In short, petitioner has no constitutional right to be incarcerated in any particular prison and his transfer to SLCC cannot serve as the basis for federal *habeas corpus* relief. See *White v. Lambert*, 370 F.3d 1002 (9th Cir. 2004).[5]

To the extent that petitioner claims that his transfer from Alabama to Louisiana violates either Alabama or Louisiana law, such a claim is simply not cognizable in a petition for federal writ of *habeas corpus*. See 28 U.S.C. § 2241(c)(3) which provides in part, "The writ of *habeas corpus* shall not extend to a prisoner unless ... [h]e is in custody <u>in violation of the Constitution or laws or treaties of the United States</u>..." ; see also §2254(a) which provides, "... a district court

---

[5] Petitioner cites a number of federal cases in support of his claims, however, those cases concern issues of extradition, punishment, and prosecution of criminal defendants by multiple sovereigns and are not concerned with interstate prisoner transfers such as is the case herein. Nothing in petitioner's pleadings suggest that ADOC has transferred the legal custody of their inmates to the State of Louisiana or to SLCC or its parent company. Nothing suggests that the time served at SLCC is not being credited to his 20-year Alabama sentence. Further, nothing in the pleadings suggests that petitioner's transfer to Louisiana amounted to an enhancement of his sentence.

4

shall entertain an application for a writ of *habeas corpus* in behalf of a person in custody pursuant to the judgment of a State court <u>only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States</u>." (emphasis supplied)

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that following examination of the pleadings by the court, "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."  (See also *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999), "The district court has the power under Rule 4 to examine and dismiss frivolous *habeas* petitions prior to any answer or other pleading by the state. This power is rooted in 'the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer.' 28 U.S.C. foll. § 2254 Rule 4 Advisory committee Notes.")

Petitioner is clearly not entitled to relief and his petition for *habeas corpus* should be dismissed pursuant to the provisions of Rule 4.

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE**  pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts since it plainly appears from the face of the petition and exhibits annexed to it that the petitioner is not entitled to relief.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may

5

respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana, on July 18, 2007.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)